## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2015, 10:00 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michelle F. Kraus
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Ledbetter, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 13, 2015 <br><br> Court of Appeals Case No. 02A03-1406-CR-197 <br><br> Appeal from the Allen Superior Court <br> The Honorable Frances C. Gull, Judge <br> Case No. 02D04-1306-FC-200 |

**Crone, Judge.**

## Case Summary

[1]    A jury found Robert Ledbetter, Jr., guilty of class D felony theft.  Ledbetter challenges the sufficiency of the evidence supporting his conviction, claiming

that the State failed to present sufficient evidence that he formed the requisite intent under the theft statute. We affirm.

## Facts and Procedural History

[2] The facts most favorable to the jury's verdict are that around 11:00 p.m. on June 10, 2013, Officer Greg Anderson of the City of New Haven Police Department responded to a dispatch regarding a suspicious vehicle on a service road near Mills Auto Parts, a scrap auto parts store. Officer James Krueger arrived as backup. They walked to the end of the service road and found an unoccupied car parked on the side of a ditch opposite Mills Auto Parts. The car was registered to Ledbetter. The officers observed that the back seats were folded down and plastic covered the back part of the car.

[3] The officers hid in the nearby weeds for almost two hours. At that time, they heard people whispering and the clanking of metal. The officers then observed Ledbetter, Troy Lehr, and Pervis Hall carrying rims. The men had walked without lights along a brushy area and through a creek to reach the car. As the men approached the vehicle, the trunk was opened, and an interior light came on. Officer Anderson heard one of the men ask how to turn off the light. The officers came out of hiding and arrested the men. Lehr told the officers that he was working with the FBI. Between two piles at the car and at the creek, the officers discovered eleven rims, four car batteries, and three alternators.

[4] Officer Krueger contacted James Mills, the owner of Mills Auto Parts. Mills came to the location and identified the parts as his. Mills took Officer Krueger

into his building, where they saw a broken window pane and an empty spot on the shelves where the rims had been. There were rims sitting outside the window. Mills did not know any of the men, nor had he given them permission to enter his property.

[5] The State charged Ledbetter with one count of class C felony burglary and one count of class D felony theft. Lehr was charged with one count of class C felony burglary, three counts of class C felony aiding burglary, and one count of class D felony theft, and he reached a plea agreement with the State. Pursuant to the agreement, Lehr was required to testify truthfully in any criminal proceeding brought by the State against other defendants in this matter in exchange for the State's dismissal of five other charges.

[6] At Ledbetter's trial, Lehr testified as follows. Lehr had known Ledbetter for approximately one-and-a-half to two years. He went to Mills Auto Parts with the intention to steal scrap metal. He went alone on foot, found a window without glass, and entered. He started carrying rims outside to the edge of the property. He needed someone with a car to haul the scrap metal. According to Lehr, he called Ledbetter and "told him that I actually worked there and that my boss had given me permission to take the stuff and that I had permission to take the stuff out of there." Tr. at 80. Ledbetter and Hall arrived together, and Lehr directed them to drive on the service road. Lehr told Ledbetter that they were moving the scrap metal at 11:00 p.m. because "when I got off work I didn't have a ride and I've been stuck trying to find a ride." *Id.* at 81. Upon arrest, Lehr told the officers that he was working for the FBI "because I was

trying to get out of trouble." *Id.* at 90. He testified that he would lie "for me to get out of trouble," but not to get others out of trouble. *Id.* According to Lehr, he misled Ledbetter about having permission to enter the property and take the scrap metal.

[7] Neither Ledbetter nor Hall testified at trial. A jury found Ledbetter guilty of theft and not guilty of burglary.

## Discussion and Decision

[8] Ledbetter argues that the State presented insufficient evidence to support his theft conviction. In reviewing a challenge to the sufficiency of the evidence, "we neither reweigh the evidence nor assess witness credibility, and will focus on the evidence most favorable to the verdict together with the reasonable inferences that may be drawn therefrom. We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt." *Cooper v. State*, 940 N.E.2d 1210, 1213 (Ind. Ct. App. 2011) (citation omitted), *trans. denied*.

[9] Indiana Code Section 35-43-4-2(a) provides in pertinent part that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft." "Intent can be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points. . . . Intent is a mental function; hence, absent a confession, it often must

be proven by circumstantial evidence." *Knox v. State*, 13 N.E.3d 899, 901 (Ind. Ct. App. 2014) (citations and quotation marks omitted).

[10] Ledbetter asserts that there is unrebutted testimony that he acted under the belief that Lehr had permission to remove the property. This assertion is an invitation to reweigh the evidence and assess witness credibility, which we may not do. The jury was entitled to disbelieve Lehr's testimony that Ledbetter believed he had permission to remove property from Mills Auto Parts and to credit the significant circumstantial evidence tending to show that Ledbetter knowingly or intentionally exerted unauthorized control over the property. The evidence is sufficient to support Ledbetter's conviction.

[11] Affirmed.

Friedlander, J., and Kirsch, J., concur.